Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000645
30-JUN-2015
08:32 AM

CAAP-12-0000645, CAAP-12-0000646 & CAAP-12-0000647

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CAAP-12-0000645

In the Matter of the Petition of
HANNAH HARRISON, Petitioner-Appellant/Appellant,
v.
GORDON I. ITO, INSURANCE COMMISSIONER,
DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS,
STATE OF HAWAI'I, Appellee/Appellee,
and
EVERCARE, Respondent-Appellee/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2903-11 (HER-11-156920))


CAAP-12-0000646

In the Matter of the Petition of
JENIVIE DELOS REYES, FRANKLIN BIDDINGER,
FLOYD HAYES, JOHN VILLANUEVA, and TEHINE AVILLA,
Petitioners-Appellants-Cross-Appellees/Appellants,
v.
GORDON I. ITO, INSURANCE COMMISSIONER,
DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS,
STATE OF HAWAI'I, Appellee/Appellee,
and
EVERCARE, Respondent-Appellee-Cross-Appellant/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2533-10 (HER-11-156817,
11-156241, 11-156361, 11-156251 & 11-155841))

CAAP-12-0000647

AUDREY DELOS SANTOS, Petitioner-Appellant/Appellant
v.
GORDON I. ITO, INSURANCE COMMISSIONER,
DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS,
STATE OF HAWAI'I, Appellee/Appellee,
and
EVERCARE, Respondent-Appellee/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2542-10 (HER-10-154685))

MEMORANDUM OPINION
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

This consolidated appeal arises out of three separate cases involving enrollees of QUEST Expanded Access (QExA) Medicaid plans offered by UnitedHealthcare Insurance Company dba Evercare (Evercare) for aged, blind, or disabled beneficiaries. Although the facts in each case differ, the basic legal issue presented on appeal is the same: Whether there is a right to judicial review of external review decisions made under Hawaii Revised Statutes (HRS) § 432E-6 (2005)[1] of the Patients' Bill of Rights and Responsibilities Act, pursuant to HRS § 91-14(a) (2012) of the Hawai'i Administrative Procedure Act.

The Evercare plan enrollees involved in the three cases on appeal (collectively, Enrollees) are: (1) Hannah Harrison (Harrison) in Civil No. 11-1-2903-11; Audrey Delos Santos (Delos Santos) in Civil No. 11-1-2542-10; and (3) Jenivie Delos Reyes, Franklin Biddinger, Floyd Hayes, John Villanueva, and Tehine Avilla (collectively, Multiple Claimants) in Civil No. 11-1-2533-

---

[1] HRS § 432E-6, which provided for external administrative review of a managed care plan's final internal determination of an enrollee's complaint, has been repealed and replaced by HRS §§ 432E-31 through -44 to comply with the requirements of the Patient Protection and Affordable Care Act of 2010, Public Law No. 111-148. See 2011 Haw. Sess. Laws Act 230. However, the repeal of HRS § 432E-6 was not retroactive, and we apply HRS § 432E-6 in deciding this appeal because HRS § 432E-6 was the law in effect during the relevant time period.

2

10.  In these cases, the Enrollees sought judicial review of decisions issued by the Hawai'i Insurance Commissioner Gordon Ito (Commissioner) in external review proceedings brought under HRS § 432E-6.  The Circuit Court of the First Circuit (Circuit Court)[2] ruled that it lacked jurisdiction under HRS § 91-14(a) to review the Commissioner's decisions because the decisions were not made in a "contested case," which is a prerequisite for judicial review under HRS § 91-14(a).  Accordingly, the Circuit Court dismissed all three cases for lack of subject matter jurisdiction.

As explained below, we conclude that the Hawai'i Supreme Court's decision in Hawaii Management Alliance Association v. Insurance Commissioner, 106 Hawai'i 21, 100 P.3d 952 (2004) (hereinafter, HMAA), controls our decision in this case.  We read HMAA as concluding that parties to external review proceedings under HRS § 432E-6 have a right to judicial review of external review decisions pursuant to HRS § 91-14(a).  Based on HMAA, we hold that the Circuit Court had jurisdiction to decide: (1) Harrison's request for judicial review of the Commissioner's denial of her request for certain benefits; and (2) Delos Santos' and the Multiple Claimants' requests for judicial review of the Commissioner's award of attorney's fees in connection with their external reviews.  Accordingly, we vacate the Circuit Court's dismissal of the Enrollees' cases for lack of subject matter jurisdiction, and we remand the cases for decisions on the merits.

BACKGROUND

I.  Harrison

Harrison, through her mother, submitted a request to Evercare for specialized therapy at a facility in Oklahoma (Oklahoma Facility).  The therapy had been prescribed by Harrison's physician, Dr. Susan Koh, to be conducted for a twelve-month period.  Harrison's request also included

---

[2]  The Honorable Rhonda A. Nishimura presided.

transportation, lodging, and moving family household goods and shipping the family's van to Oklahoma. Evercare denied Harrison's request on the ground that the requested services were available in Hawai'i.

After Evercare issued its final internal determination denying Harrison's request for benefits, Harrison filed a request with the Commissioner for external review of Evercare's decision pursuant to HRS § 432E-6[3] and asked that the review be conducted on an expedited basis.[4] The Commissioner denied Harrison's request that the external review be conducted on an expedited basis. The Commissioner appointed an external review panel and scheduled a review hearing to decide Harrison's request for external review.[5]

As the date of Harrison's external review hearing approached, Evercare issued a new Notice of Action, which partially reversed its previous denial of Harrison's request for

---

[3] HRS § 432E-6(a)(1) provided:

(a) After exhausting all internal complaint and appeal procedures available, an enrollee, or the enrollee's treating provider or appointed representative, may file a request for external review of a managed care plan's final internal determination to a three-member review panel appointed by the commissioner composed of a representative from a managed care plan not involved in the complaint, a provider licensed to practice and practicing medicine in Hawaii not involved in the complaint, and the commissioner or the commissioner's designee in the following manner:

(1) The enrollee shall submit a request for external review to the commissioner within sixty days from the date of the final internal determination by the managed care plan[.]

[4] HRS § 432E-6.5 (2005) authorized requests for external review under HRS § 432E-6 to be determined on an expedited basis under specified circumstances.

[5] HRS § 432E-6(a)(4) provided in relevant part:

(4) Upon receipt of the request for external review and upon a showing of good cause, the commissioner shall appoint the members of the external review panel and shall conduct a review hearing pursuant to chapter 91.

benefits.[6]  In explaining its new Notice of Action, Evercare stated that it had "recently been informed" that not all of Harrison's medically necessary services were available in Hawai'i.  Evercare agreed to allow Harrison to obtain therapy on the mainland and to cover transportation and lodging costs while an evaluation and treatment plan was being developed.  However, Evercare did not approve all of the benefits sought by Harrison. Evercare did not agree with Harrison's request that her therapy be provided at the Oklahoma Facility and indicated only that the Oklahoma Facility would be one of the facilities evaluated and considered.  Evercare also did not agree to cover the frequency and length of services prescribed by Dr. Koh, and the new Notice of Action only stated that "the frequency of therapy services and length of therapy" would be determined during Harrison's temporary "referral stay" on the mainland.  Evercare continued to deny Harrison's request to cover expenses related to obtaining services in Oklahoma, such as moving family household goods and shipping the family's van to Oklahoma.  Evercare asserted that it would not pay relocation expenses because if Harrison relocated to Oklahoma with the intention of establishing residence there, she would no longer be eligible for services under the Hawai'i QExA program.

---

[6] The new Notice of Action provided in relevant part:

We are approving a combination of individual and group therapy at an appropriate center on the mainland.  We will assess the need for other medically necessary services during the referral stay on the mainland once the evaluation and treatment plan is established at the center on the mainland.  We will then issue authorizations and arrange for such medically necessary services.  We will pay for transportation to/from Hawaii and lodging while you are temporarily on the mainland.

. . . .

As previously stated in our Notice of Action dated May 27, 2011, we will not pay to relocate Hannah, you, your household and van to Oklahoma. Please note that if you relocate to another state, you will no longer be a resident of Hawaii.  As a non-resident, the State of Hawaii will disenroll you from Medicaid and Evercare QExA.  Enrollment and eligibility is solely determined by the State of Hawaii, not Evercare.

Upon issuing its new Notice of Action, Evercare sent a letter to the Commissioner requesting that the external review be dismissed as being without good cause under HRS § 432E-6(a)(4)[7] or without merit under HRS § 432E-6(a)(6)[8] because: (1) Evercare had overturned its original Notice of Action; (2) there was no coverage for Harrison's request to obtain services at the Oklahoma Facility if she intended to permanently relocate to Oklahoma; and (3) the level of services related to the requested relocation was not medically necessary.  One day prior to the scheduled hearing, the Commissioner notified the parties that he was taking the hearing off the calendar and would be issuing an order dismissing the external review.  In his subsequent "Order of Dismissal," the Commissioner referred to evidence that Harrison intended to permanently relocate to Oklahoma.  The Commissioner ruled that "[b]ased on the submissions of the parties reflecting [Harrison's] intent to permanently relocate to Oklahoma and the applicable Hawaii Medicaid regulations, this request for external review should be dismissed as being without merit pursuant to HRS § 432E-6(a)(6)."  The Commissioner accordingly dismissed Harrison's request for external review. Harrison appealed the Commissioner's "Order of Dismissal" to the Circuit Court pursuant to HRS § 91-14.[9]

II.  Delos Santos

Delos Santos received a Notice of Action from Evercare stating that it intended to reduce the hours of her in-home nursing care services.  After Evercare issued its final internal

---

[7] See note 5, supra.

[8] HRS § 432E-6(a)(6) provided:

> (6)　After considering the enrollee's complaint, the managed care plan's response, and any affidavits filed by the parties, the commissioner may dismiss the request for external review if it is determined that the request is frivolous or without merit[.]

[9] In her opening brief, Harrison asserts that after the Commissioner dismissed her request for external review, Evercare eventually approved, and she began receiving, services at a facility in New York City.

6

determination, Delos Santos filed a request with the Commissioner for external review of Evercare's decision. An external review hearing was held, the external review panel affirmed Evercare's final internal determination, and the Commissioner entered an order to that effect. Delos Santos appealed to the Circuit Court pursuant to HRS § 91-14, and the Circuit Court overturned the Commissioner's order upholding Evercare's decision to reduce the number of hours of in-home nursing care services.

Delos Santos filed two motions for attorney's fees and costs with the Commissioner pursuant to HRS § 432E-6(e),[10] requesting a total of $43,067.35 in attorney's fees and costs. Evercare filed oppositions to the motions. Without holding a hearing on the motions, the Commissioner issued an order that disallowed $12,227.59 of the requested attorney's fees and costs on the grounds that they: (1) were incurred before the issuance of Evercare's final internal determination; (2) were for expert witness fees; and (3) were "incurred in the general representation of the client[.]" The Commissioner awarded the reduced amount of $30,389.76 in attorney's fees and costs. Delos Santos appealed the Commissioner's attorney's fees and costs order to the Circuit Court pursuant to HRS §91-14.

### III. Multiple Claimants

Multiple Claimants all received Notices of Action from Evercare informing them of a reduction in services. Multiple Claimants disputed these reductions through Evercare's internal procedures, and Evercare issued internal final determinations upholding the reductions in each case. Individually, but through the same counsel (Attorney), the Multiple Claimants filed

---

[10] HRS § 432E-6(e) provided:

An enrollee may be allowed, at the commissioner's discretion, an award of a reasonable sum for attorney's fees and reasonable costs incurred in connection with the external review under this section, unless the commissioner in an administrative proceeding determines that the appeal was unreasonable, fraudulent, excessive, or frivolous.

requests for external review with the Commissioner of Evercare's decisions.

The Commissioner appointed an external review panel and scheduled a hearing date in Hayes' case. The Commissioner issued letters requesting information from Evercare in the cases of Biddinger and Avilla.

Evercare subsequently reversed its decision to reduce services for each of the Multiple Claimants and cancelled the Notices of Action it had issued. In response, the Commissioner, pursuant to HRS §§ 432E-6(a)(4) and (a)(6), dismissed all of the Multiple Claimants' requests for external review, ruling that there was no good cause to convene a review panel in light of Evercare's reversal of its prior decisions to reduce services.

After the requests for external review were dismissed, Attorney filed motions for attorney's fees and costs with the Commissioner on behalf of each of the Multiple Claimants. Attorney requested specific amounts of attorney's fees and costs for each of the Multiple Claimants, which when added together totaled $33,237.89 in attorney's fees and $12,349.75 in costs. Evercare opposed the motions, arguing, among other things, that its cancellation of its final internal determination deprived the Commissioner of jurisdiction over the matter. Without holding a hearing on the motions, the Commissioner issued a single order awarding Attorney a lump-sum amount of $15,000 for attorney's fees and costs. The order did not specify the amount awarded with respect to each of the Multiple Claimants or distinguish between attorney's fees and costs.

The Commissioner explained the award as follows:

> Having considered the entire record in this matter, the Commissioner finds and concludes that [Multiple Claimants'] counsel should be awarded a reasonable sum for attorneys' fees and reasonable costs. However, because the Commissioner believes that [Evercare] reversed the final internal determination in these cases primarily as the result of a business decision in light of the coming end of the external review process and not primarily as the result of the work done by [Multiple Claimants'] counsel, we do not think an award of all of the requested attorneys['] fees is appropriate. Therefore, we are ordering payment of a lesser amount.

8

The Multiple Claimants appealed the Commissioner's attorney's fees and costs order to the Circuit Court pursuant to HRS § 91-14. Evercare cross-appealed and argued that the Commissioner lacked jurisdiction to award attorney's fees and costs because Evercare had cancelled its final internal determinations and the Commissioner had dismissed the Multiple Claimants' external review requests.

IV. Circuit Court Proceedings

The three cases were briefed before the Circuit Court. The Enrollees were the petitioners-appellants, and Evercare was the appellee-respondent in each case. The Commissioner, while also a party to each case, did not file an answering brief or argue in any of the cases. Evercare also pursued its cross-appeal in the Multiple Claimants' case.

During oral argument in Delos Santos' case, the Circuit Court *sua sponte* raised the issue of its subject matter jurisdiction and requested supplemental briefing in all three cases. After receiving the supplemental briefs and hearing consolidated oral argument for all three cases, the Circuit Court issued orders dismissing the three cases for lack of subject matter jurisdiction. In each case, the Circuit Court ruled that the Enrollees had failed to demonstrate that Commissioner's order being appealed had been issued in a "contested case" as required to invoke the Circuit Court's jurisdiction under HRS § 91-14(a). The Circuit Court entered its Final Judgment in each case on June 20, 2012, and the Enrollees appealed to this court.

DISCUSSION

On appeal, the Enrollees argue that the Circuit Court erred in ruling that it lacked subject matter jurisdiction over their appeals from: (1) the Commissioner's order dismissing Harrison's request for external review; and (2) the Commissioner's orders partially denying Delos Santos' and the Multiple Claimants' requests for attorney's fees and costs. The question of whether subject matter jurisdiction exists is a

9

question of law that we review *de novo* under the right/wrong standard. Kaniakapupu v. Land Use Comm'n, 111 Hawai'i 124, 131, 139 P.3d 712, 719 (2006).

The Enrollees sought judicial review of the Commissioner's orders pursuant to HRS § 91-14, which authorizes an aggrieved person to seek judicial review of a final decision and order "in a contested case[.]" HRS § 91-14(a). The Circuit Court dismissed the Enrollees' appeals for lack of subject matter jurisdiction because it ruled that their HRS § 432E-6 external review proceedings were not "contested cases" within the meaning of HRS § 91-14(a). We conclude that the Enrollees' external review proceedings constituted contested cases and therefore the Circuit Court erred in dismissing their appeals for lack of subject matter jurisdiction.

I.

HRS § 91-14(a) provides the means for "aggrieved" persons to obtain judicial review of administrative agency decisions. HRS § 91-14(a) provides, in relevant part:

> Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter[.]

HRS § 91-1(5) (2012) defines a "contested case" as "a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing." For an agency hearing to be "required by law," "it may be required by (1) agency rule, (2) statute, or (3) constitutional due process." Kaleikini v. Thielen, 124 Hawai'i 1, 17, 237 P.2d 1067, 1083 (2007) (internal quotation marks and citation omitted). In order to qualify as a contested case, it is not necessary that an agency hearing actually be held as long as a hearing was required by law to be held and would have determined the rights, duties, and privileges of specific parties. Id. at 23-24, 237 P.2d at 1089-90.

II.

Evercare argues that external review proceedings under HRS § 432E-6 are not contested cases because a hearing is not required by law.  In particular, Evercare argues that: (1) a hearing is not required by statute because under HRS § 432E-6(a)(4), the Commissioner only has to hold a hearing if there is showing of good cause, and under HRS § 432E-6(a)(6), the Commissioner may dismiss the external review request upon a determination that it is frivolous or without merit; (2) there is no rule-based requirement for a hearing; and (3) there is no due process constitutional mandate for a hearing regarding Harrison's external review claim because Harrison had other means of challenging Evercare's benefit determination; and (4) there is no due process constitutional mandate for a hearing on Delos Santos' and the Multiple Claimants' requests for attorney's fees and costs because they had no property interest in the award of such attorney's fees and costs under HRS § 432E-6(e).

However, in HMAA, the Hawai'i Supreme Court construed HRS § 432E-6 and concluded that the parties to external review proceedings had a right to seek judicial review of external review decisions.  HMAA, 106 Hawai'i at 35, 100 P.3d at 966. The only means of judicial review cited by the supreme court in its analysis is HRS § 91-14(a), which provides for judicial review in contested cases.  Id.  The supreme court stated that "Hawai'i's external review incorporates HRS chapter 91, the Hawai'i Administrative Procedures's Act (HAPA)[,]" and that "HAPA provides for judicial review of contested cases[.]"  Id.  We read HMAA as concluding that parties to external review proceedings under HRS § 432E-6 have a right to judicial review of external review decisions pursuant to HRS § 91-14(a).  Under HRS § 91-14(a), the only way that parties to external review proceedings could have a right to judicial review is if external review proceedings constitute contested cases.  Thus, the supreme court in HMAA must have concluded that HRS § 432E-6 external review proceedings constitute contested cases.

11

The issue in HMAA was whether the Employee Retirement Income Security Act of 1974 (ERISA) preempted HRS § 432E-6 with respect to employee benefit plans covered by ERISA. Id. at 23, 35-36, 100 P.3d at 954, 967. The supreme court held that HRS § 432E-6 was preempted by ERISA based on conflict preemption. Id. at 34-36, 100 P.3d at 965-67. Crucial to the supreme court's holding was its determination that parties had the right to obtain judicial review of external review decisions, which served to distinguish HRS § 432E-6 from an Illinois statute that the United States Supreme Court had held was not preempted by ERISA. Id. at 35, 100 P.3d at 966-67. In making this determination, the Hawai'i Supreme Court stated:

> Nevertheless, the Illinois statute and HRS § 432E-6 differ in several important ways. First, Hawaii's external review incorporates HRS chapter 91, the Hawai'i Administrative Procedure Act (HAPA). See HRS § 432E-6(a)(4) (stating that "the commissioner shall appoint the members of the panel and shall conduct a review hearing pursuant to chapter 91"). HAPA sets forth the procedural requirements for contested case hearings, see, e.g., HRS § 91-9 (1993 & Supp. 2003) (providing that all parties in a contested case "shall be afforded an opportunity for hearing after reasonable notice"); more importantly, HAPA provides for judicial review of contested cases: "[a]ny person aggrieved by a final decision and order in a contested case . . . is entitled to judicial review thereof under this chapter[.]" HRS § 91-14 (1993). Second, whereas the Illinois statute considered in Rush Prudential required one physician to determine whether the proposed procedure was "medically necessary," the Hawai'i statute provides for a three-member panel (only one of whom must be a physician) to determine whether the HMO's actions were "reasonable."
>
> These distinctions are fatal to the external review law. The external review hearing more closely resembles "contract interpretation or evidentiary litigation before a neutral arbiter" than "a practice (having nothing to do with arbitration) of obtaining another medical opinion." Rush Prudential, 536 U.S. at 383, 122 S.Ct. 2151. More damaging, however, is the right of either party to seek judicial review. For example, a claimant who is denied benefits pursuant to Hawaii's external review law can appeal that denial to the courts, allowing for a judicial determination of the claimant's entitlement to benefits. This is precisely the type of adjudication barred by Pilot Life, 481 U.S. at 52, 107 S.Ct. 1549 (holding that § 1132(a) is the "exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits"). See HRS § 432E-6; 215 Ill. Comp. Stat. 125/4-10. Thus, although the Hawai'i legislature is entitled to regulate insurance by requiring external review (because external review laws are not necessarily preempted

12

by ERISA), HRS § 432E-6 too closely resembles adjudication
and therefore is preempted by § 1132(a).

Id. (emphases added; brackets and ellipsis points in original;
footnote omitted).

## III.

We conclude that HMAA controls our decision in this
case regarding the availability of judicial review of decisions
in external review proceedings under HRS § 432E-6 and whether
such proceedings constitute contested cases.  Although the
supreme court did not provide a detailed explanation of its
reasoning, the supreme court concluded that parties were entitled
to judicial review of HRS § 432E-6 external review decisions
pursuant to HRS § 91-14(a).  This conclusion was integral to the
supreme court's holding and analysis in HMAA.  Moreover, as
noted, judicial review under HRS § 91-14(a) would only be
available if HRS § 432E-6 external review proceedings constituted
contested cases.  Based on HMAA, we conclude that external review
proceedings under HRS § 432E-6 are contested cases and that final
decisions and orders issued by the Commissioner in such
proceedings are subject to judicial review pursuant to HRS § 91-
14(a).

With respect to Harrison's case, the new Notice of
Action submitted by Evercare after the Commissioner had scheduled
the external review hearing only partially resolved Harrison's
claim for benefits.  The Commissioner's order dismissing
Harrison's request for external review therefore constituted a
denial of a portion of her claim for benefits.  Based on HMAA, we
conclude that the Commissioner's dismissal order was a "final
decision and order in a contested case" that was subject to
judicial review under HRS § 91-14(a).  Accordingly, the Circuit
Court had subject matter jurisdiction over Harrison's appeal of
the Commissioner's order.

With respect to Delos Santos' and the Multiple
Claimants' cases, the Commissioner's decisions on their motions
for attorney's fees and costs were based on and were a part of

13

the external review proceedings. HRS § 432E-6(e) authorizes the Commissioner to award "a reasonable sum for attorney's fees and reasonable costs incurred in connection with the external review under this section[.]" Based on HMAA, we conclude that the Commissioner's orders awarding attorney's fees and costs constituted final decisions and orders in contested cases that were subject to judicial review under HRS 91-14(a). Accordingly, the Circuit Court had subject matter jurisdiction over Delos Santos' and the Multiple Claimants' appeals from the Commissioner's orders.

                    CONCLUSION

         Based on the foregoing, we vacate the Circuit Court's Final Judgments in all three cases (Civil No. 11-1-2903-11, Civil No. 11-1-2542-10, and Civil No. 11-1-2533-10), and we remand these cases for further proceedings consistent with this Memorandum Opinion.

         DATED:  Honolulu, Hawai'i, June 30, 2015.

On the briefs:


RAFAEL G. DEL CASTILLO
(JOUXSON-MEYERS & DEL CASTILLO
Attorneys at Law, a Limited
Liability Law Company)
for Petitioners-Appellants,
Cross-Appellees/Appellants

ELMIRA K.L. TSANG
DEBORAH DAY EMERSON
Deputy Attorneys General
for Appellee/Appellee

DIANNE WINTER BROOKINS
JOHN S. RHEE
MICHELLE N. COMEAU
(ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation)
for Respondent-Appellee
Cross-Appellant/Appellee

*Craig H. Nakamura*

Chief Judge


Associate Judge


Associate Judge